1  David Thompson Boyd Bey and Patricia Marie Hale
2  11012 Ventura Blvd Ste 253
   Studio City, California 91604
3  (310) 677-0400  Fax (310) 677-0403
4  mtlawgroup@att.net

5  In Pro Se

Original

2014 MAR 17 AM 10:4⁻

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (LOS ANGELES)

| | |
|---|---|
| DAVID THOMPSON BOYD BEY and PATRICIA MARIE HALE <br><br> Plaintiff(s), <br><br> v. <br><br> CITY OF GLENDALE; GLENDALE CITY POLICE DEPARTMENT; OFC. CAMERON SANCHEZ; OFC. LYNETTE SALAZAR; SGT. TOM LORENZ, DET. JUAN GIRALDO. <br><br> Does 1 through 10, <br><br> Defendants. | Case No. CV 13-1567-DMG (SP) <br><br> THIRD AMENDED COMPLAINT FOR VIOLATION OF 4th, 6th and 14th AMENDMENTS OF THE U.S. CONSTITUTION, VIOLATION OF CIVIL RIGHTS PROVISIONS; SLANDER AND DEFAMATION and DAMAGES <br><br> 42 U.S.C. § 1983 <br><br> Filing Date: <br> Judge: <br> Dept/Ctrm: <br> Hearing Time: <br> Hearing Date: <br> Discovery Cutoff: <br> Trial Date: |

By leave of the Court, the Plaintiff's submit herein, this Third Amended Complaint.

---

THIRD AMENDED CIVIL COMPLAINT FOR DAMAGES
- 1 -

## JURISDICTION

The Plaintiff's, David Thompson Boyd Bey and Patricia Marie Hale, are both foreign nationals, with both dual citizenship and treaty rights, residing in the United States and citizens thereof, as such American citizen's of the United States, both prior to alleged violation(s) as contained herein, and presently, with the mailing address of: 11012 Ventura Blvd #253, Studio City California.

The Defendant, City of Glendale, is an Incorporated City within the meaning, of the County of Los Angeles, State of California, and Incorporated therein, who's true names and capacities will be ascertained upon further discovery, with leave to amend the Complaint therein, to reflect their true names and capacities.

The Defendant, City of Glendale Police Department, is an entity formed under the Glendale City Charter and as such under the supervision of the City of Glendale, irrespective to contractual relations and parties therein withstanding, who's true names and capacities will be ascertained upon further discovery, with leave to amend the Complaint therein, to reflect their true names and capacities.

The Defendant. Ofc. Cameron Sanchez, is the arresting officer, employed with the Glendale Police Dept, and therefore sued in his Official Capacity and personal capacity.

The Defendant. Ofc. Lynette Salazar, is the lead arresting officer, employed with the Glendale Police Dept, and therefore sued in her Official Capacity and personal capacity.

The defendant's are therefore sued in their Official Capacity, as the City of Glendale and Glendale City Police Department and specific Officer's employed therein.

The alleged violations occurred in the city of Glendale, State of California, therefore the United States District of the Central District of California, in the proper venue to bring forth this action.

The district courts of the United States shall have jurisdiction to prevent and restrain violations of section 1983.

The Supreme Court has found that a "suit arises under the law that creates the cause of action," American Well Works v. Layne, 241 US 257 (1916), and therefore, only suits based on federal law, not state law suits likeley to provoke a federal law defense, create federal question jurisdiction, Louisville & Nashville R. Co. v. Mottley, 211 U.S. 149 (1908).

## FIRST CAUSE OF ACTION
### VIOLATION OF CIVIL RIGHTS – 42 U.S.C. section 1983
### Monell claim against City of Glendale; Glendale Police Department

Defendant's City of Glendale and the Glendale Police Department had a duty to adequately train, supervise and discipline their police officers in order to protect members of the public, including Plaintiff's, from being harmed by the police unnecessarily.

Said defendants were deliberately indifferent to such duties and thereby proximately caused injury to Plaintiff as complained of herein.

As the proximate result of the Defendant's Civil Rights violation, Plaintiff's had been and continually are deprived of their right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, which the Defendant's took oath not only be violated, but protect that covenant and that no Warrants shall be issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

## SECOND CAUSE OF ACTION
## VIOLATION OF SEARCH AND SEIZURE

The First Cause of Action is incorporated by reference herein as though set forth in full.

While acting under the color of the authority, and having taken an oath of office [Plt. Jud. Not. Evidence 3 & 4] to uphold the covenant of the State and U.S. Constitutions, Ofc's Sanchez and Salazar of the Glendale City Police Department, Glendale Police Department and City of Glendale severally and collectively did violate the U.S. Constitutional provisions therein, State Statutes and as further complained of and as such the Plaintiff's were made to suffer and did suffer abuse of due process provisions giving the behavior of the Defendants.

When on August 31, 2012, approximately 8:15PM, the Plaintiff's on their way to a dinner invitation, given Patricia was scheduled to leave the country to visit her family the following Monday, were travelling in a properly registered car as a common carrier at the appropriate speed, were proceeding South bound on Central Avenue, in the City of Glendale, a Glendale City Police Vehicle following did activate their emergency response lights, to which the Plaintiff's pulled to the side in order to allow them passage.

The City Police pulled behind the Plaintiff's car which was fully stopped. The Police had their units flood lights fully illuminating the Plaintiff's car and upper torso, wherein two Police Officer's, hereafter referred to as Ofc. Sanchez and/or Salazar, approached the Plaintiff's conveyance from opposite side, in effect one Officer per occupant.

The Ofc. Sanchez initiated a conversation, stated "I had never seen plates like those before", in reference to the plates attached to the Plaintiff's conveyance.

Whereas, in fact according to the Glendale Police report of Ofc. Salazar, she stated that "In my 12 yrs of "law" enforcement, I had never since plates like those and directed Ofc. Sanchez to stop the car", [Plt. Jud. Not. Evidence 5, Pg. 8 of 11] and therefore Ofc. Salazar initiated the stop based upon no actual articulated violation, but her curiosity [A detention, even if brief, is a sufficiently significant restraint on personal liberty to require "objective justification." (Florida v. Royer (1983) 460 U.S. 491, 498 [75 L.Ed.2nd 229, 236-237].) Note: Reasons which an officer feels give him or her reasonable suspicion to detain must be articulated, in detail, in an arrest report and later recounted in courtroom testimony], which in fact was later found to be void, wherein no citation issued nor prosecution with regards to the "suspect plates" is pending.

Whereas, the Officer's report concludes as well based upon her observation, but her twelve (12) years of police experience, which may it fact be the well horned intuition of someone with as much time in service, it does not necessary preclude a justification for the Officer's actions ["A *hunch* may provide the basis for solid police work; it may trigger an investigation that uncovers facts that establish reasonable suspicion, probable cause, or even grounds for a conviction. A hunch, however, is not a substitute for the necessary specific, articulable facts required to justify a **Fourth Amendment** intrusion." (Italics added; ***People v. Pitts*** (2004) 117 Cal.App.4th 881, 889; quoting ***United States v. Thomas*** (9th Cir. 2000) 211 F.3rd 1186, 1192.) are justified in law.

Whereas in fact, Ofc. Salazar's statement infers, she had no articulable and lawful reason, thus she was merely operating on "intuition, which again is inconsistent with Constitutional and settled law [A police officer has the right to stop and temporarily detain someone for investigation whenever the officer has a "reasonable suspicion" some criminal activity is afoot and that the person was, . . . is, . . . or is about to be involved in that criminal activity. (Terry v. Ohio (1968) 392 U.S. 1, 27 [20 L.Ed.2nd 889, 909].) "[A]n investigative stop or detention

predicated on mere curiosity, rumor, or hunch is unlawful, even though the officer may be acting in complete good faith." (In re Tony C. (1978) 21 Cal.3rd 888, 893.)

The Officer having failed to state a probable cause reason for the apparent detainment, further violated constitutional constraints by demanding the Plaintiff's produce identification and other documents related thereto, in effect violating the Due Process Clause of the respective constitution prohibitions.

Thereafter, having failed to obtain probable cause based upon the documentation demanded and produced under duress, the Officer(s) asked the Plaintiff, David Boyd, if he had a gun based upon observing a gun an empty gun holster in the rear passenger seat.

The Plaintiff, David Thompson Boyd is a registered Common Carrier, with the City of Los Angeles, and as such the State of California under the California State Firearm Laws which do make exception for the carrying of a load hand gun, under such occupation, as such the Plaintiff responded affirmatively and it's last known location.

When the Officer(s) asked "If you mind if we search your trunk", the Plaintiff, David responded "Yes", which the Officer interrupted as authorization and proceeded attempted to search the trunk. Wherein the trunk has a separate locking system and cannot be opened without a key, thus the Officer demanded the key and conducted a search of the Plaintiff's personal belongings therein.

When the Officer were unable to locate the gun they ordered the Plaintiff's from the car, wherein at minimum an additional Four (4) Officers had arrived, excluding a Supervisor, wherein the Plaintiff's were separated and interrogated about their personal business, i.e. Where they were going, etc.. all without probable cause.

Whereas upon further searching of the Plaintiff's car the Officer's did discover the Plaintiff's lawfully possessed and registered personal handgun, which

was used in the performance of contractual duties, the escorting of the Plaintiff, Patricia Hale and her bounty.

The Officer's further discovered the Plaintiff's clientele application information data sheet, which are used in the Plaintiff's business and signed by the client under declaration of penalty of perjury, which included unfunded Debt Cards, pending refunds, which in effect rendered the cards valueless in their current condition.

Whereas, the Officer's did discover on Ms. Hales person in excess of Nine Thousand ($9,000.00 U.S.) dollars, which she had obtained that day from her personal account(s) and possessed a receipt therefrom in anticipation of gifting to her family who were in dire need thereof relying upon on her travelling to them on the following Monday, which she was not able to do as further described hereafter.

As such, the Officer's collectively had in their possession a Registered Handgun, which could not be associated with any known crime, a collective of data sheets, signed under penalty of perjury and monies, which were accountable, and in effect converted these matters into probable cause and subsequent Criminal charges warranting the detainment and subsequent arrest for both Plaintiff's.

U.S. law enforcement officers and other officials like judges, prosecutors, and security guards have been given tremendous power by local, state, and federal government agencies—authority they must have to enforce the law and ensure justice in our country. These powers include the authority to detain and arrest suspects, to search and seize property, to bring criminal charges, to make rulings in court, and to use deadly force in certain situations.

Preventing abuse of this authority, however, is equally necessary to the health of our nation's democracy. That's why it's a federal crime for anyone acting under "color of law" willfully to deprive or conspire to deprive a person of a right protected by the Constitution or U.S. law. "**Color of law**" simply means that the

person is using authority given to him or her by a local, state, or federal government agency.

The Fourth Amendment of the U.S. Constitution guarantees the right against unreasonable searches or seizures. A law enforcement official using authority provided under the **color of law** is allowed to stop individuals and, under certain circumstances, to search them and retain their property. It is in the abuse of that discretionary power—such as an unlawful detention or illegal confiscation of property—that a violation of a person's civil rights may occur.

Fabricating evidence against or falsely arresting an individual also violates the **color of law** statute, taking away the person's rights of due process and unreasonable seizure. In the case of deprivation of property, the **color of law** statute would be violated by unlawfully obtaining or maintaining a person's property, which oversteps or misapplies the official's authority.

Therefore, the Plaintiff's alleges, the Glendale City Police Department Police Officer's complained of herein, acting under the color of law violated the covenants of the U.S. Constitution, pursuant to ARTICLE [IV.] The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

As the proximate result of the Defendant's 4th Amendment violation, Plaintiff's had been and continually are deprived of their right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, which the Defendant's took oath not only be violated, but protect that covenant and that no Warrants shall be issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

As the proximate result of the Defendant's 4th Amendment violation, Plaintiff's had been and continually are deprived of their right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, which the Defendant's took oath not only be violated, but protect that covenant and that no Warrants shall be issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

WHEREFORE Plaintiff seeks relief as set forth below.

### THIRD CAUSE OF ACTION
### VIOLATION OF DUE PROCESS CLAUSE

The First and Second Cause of Actions is incorporated by reference herein as though set forth in full.

The plaintiff's were subsequently arrest and transported to the Glendale City Police Jail, where they were processed into custody of the City of Glendale Jail which is maintained by City employee and incorporated in the Police Officers of the Glendale City Police Department.

However, a literal interpretation of Cal Penal Code 849. provides (a) When an arrest is made without a warrant by a peace officer or private person, the person arrested, if not otherwise released, shall, **without unnecessary delay, be taken before the nearest or most accessible magistrate in the county in which the offense is triable**, and a complaint stating the charge against the arrested person shall be laid before such magistrate. It does not say after the arrested party has been PROCESSED in Jail.

Thereafter the Plaintiff's were informed they were not eligible for bail, wherein a bail was placed on both Plaintiff's pursuant to Cal. Penal Code 1275 et seq.

  Wherein, upon further discovery it was ascertained in Ofc. Sanchez's arrest report, he had contacted "Judge Doyle", later identified as John P. Doyle of the Glendale Superior Court, Dept. 3, and according to the report, "Judge Doyle" had authorized the hold, but no record of the proceedings where made part of defendants initial discovery and pending further discovery.

  Bail is a fundamental element of the Judicial process. In absence, PERSONS subject to arrest would think otherwise, wherein the basic right to BAIL and reserve the right to liberty, applicable to all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. The Constitution provides that "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

  Cal. Penal Code 1275, does provide for due process, when the entire section is adhered. 1275.1. (a) Bail, pursuant to this chapter, shall not be accepted unless a judge or magistrate finds that no portion of the consideration, pledge, security, deposit, or indemnification paid, given, made, or promised for its execution was feloniously obtained. <u>(b) A hold on the release of a defendant from custody shall only be ordered by a magistrate or judge if any of the following occurs:</u>

(1) A peace officer, as defined in Section 830, files a declaration executed under penalty of perjury setting forth probable cause to believe that the source of any consideration, pledge, security, deposit, or indemnification paid, given, made, or promised for its execution was feloniously obtained.

(2) A prosecutor files a declaration executed under penalty of perjury setting forth probable cause to believe that the source of any consideration, pledge, security, deposit, or indemnification paid, given, made, or promised for its execution was

feloniously obtained. A prosecutor shall have absolute civil immunity for executing a declaration pursuant to this paragraph.

(3) The magistrate or judge has probable cause to believe that the source of any consideration, pledge, security, deposit, or indemnification paid, given, made, or promised for its execution was feloniously obtained. (c) Once a magistrate or judge has determined that probable cause exists, as provided in subdivision **(b), a defendant bears the burden by a preponderance of the evidence to show that no part of any consideration, pledge, security, deposit, or indemnification paid, given, made, or promised for its execution was obtained by felonious means. Once a defendant has met such burden, the magistrate or judge shall release the hold previously ordered and the defendant shall be released under the authorized amount of bail.** (d) The defendant and his or her attorney shall be provided with a copy of the declaration of probable cause filed under subdivision (b) no later than the date set forth in Section 825.

The Court in it's Order observed that Officer contacting the Judge "Doyle" by calling the Judge was sufficient to meet the standards under P.C. 1275.1, whereas the Due Process clause (3)(b) would be have provided the Plaintiff the opportunity to present evidence and be heard on the matter, as such a hearing must be warranted by the literal language of the statute, if the Court concurs.

The State statute keeping in conformity with U.S. and State Constitutions and settled Supreme Court case law, is simple enough in its language to ensure that those charged with the enforcement thereof understand their duties and the rights of those parties thereto by statutes and nativity, which are protected therein and when violated actionable.

The Plaintiff, Patricia Hale was arrest August 31, 2012, and held without a bail hearing until September 4, 2012, three (3) days in excess of the Constitutional and statutory constraints provided under Cal. Penal Code 1275.1 **[(g) If the**

**declaration, having been filed with a magistrate or judge, is not acted on within 24 hours, the defendant shall be released from custody upon posting of the amount of bail set**.] therefore the Plaintiff rights to Due Process were violated with or without the knowledge of Judge John P. Doyle, which can only be ascertained by discovery.

The Plaintiff, David T. Boyd Bey was arrest August 31, 2012, and held without a bail hearing until September 5, 2012, three (3) days in excess of the Constitutional and statutory constraints provided under Cal. Penal Code 1275.1 **[(g) If the declaration, having been filed with a magistrate or judge, is not acted on within 24 hours, the defendant shall be released from custody upon posting of the amount of bail set**.] therefore the Plaintiff rights to Due Process were violated with or without the knowledge of Judge John P. Doyle, which can only be ascertained by discovery.

Therefore, neither Ms. Hale or Mr. Boyd had been provided a P.C. 1275.1 hearing and denied bail without due process.

Due Process initially intended to control the actions of the federal government only (See Barron ex rel. Tiernan v. Mayor of Baltimore (1833) 7 Pet. 243.), the United States Supreme Court eventually held that a violation of the Fifth Amendment by state (which includes all county and municipal) authorities does in fact constitute a Fourteenth Amendment, "due process" violation, thus imposing compliance with this protection upon the states as well. (Mapp v. Ohio (1961) 367 U.S 643 [6 L.Ed.2nd 1081]; Baker v. McCollan (1979) 443 U.S. 137, 142 [61 L.Ed.2nd 433, 440-441]; People v. Bracamonte (1975) 15 Cal.3rd 394, 400.)

The Glendale Police Department's procedures for obtaining a hold and the alleged Glendale Superior Court Judge, Doyle's authorization of the hold, thus Glendale's current policy and practice do not comport fully with *Gerstein's* requirement of a "prompt" probable cause determination. Pp. 500 U. S. 52-59. (a) Contrary to the Court of Appeals' construction, *Gerstein* implicitly recognized that

the Fourth Amendment does not compel an immediate determination of probable cause upon completion of the administrative steps incident to arrest. In requiring that persons arrested without a warrant "promptly" be brought before a neutral magistrate for such a determination, 420 U.S. at 420 U. S. 114, 420 U. S. 125, *Gerstein* struck a balance between the rights of individuals and the realities of law.

In order to satisfy *Gerstein's* promptness requirement, a jurisdiction that chooses to combine probable cause determinations with other pretrial proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest. Providing a probable cause determination within that time frame will, as a general matter, immunize such a jurisdiction from systemic challenges. Although a hearing within 48 hours may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably, courts evaluating the reasonableness of a delay must allow a substantial degree of flexibility, taking into account the practical realities of pretrial procedures. Where an arrested individual does not receive a probable cause determination within 48 hours, the burden of proof shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance, which cannot include intervening weekends or the fact that, in a particular case, it may take longer to consolidate pretrial proceedings. Pp. 500 U. S. 55-58.

As such, the Glendale Police Department and it's officers fail as a matter of practice to enforce and adhere to U.S. and State Constitutional covenants, State statute nor settled case, as such a lawless entity.

As the proximate result of the Defendant's 14th Amendment violation, Plaintiff's had been and continually are deprived of the Plaintiff's to the right of life, liberty, or property, without due process of law; as such deny the Plaintiff's arrested in its jurisdiction the equal protection of the laws.

# FOURTH CAUSE OF ACTION

## VIOLATION OF 6th AMENDMENT
## SLANDER AND DEFAMATION OF CHARACTER

The First, Second and Third Causes of Action is incorporated by reference herein as though set forth in full.

On or about March 26, 2013, the Defendant, Glendale Police Sgt. Tom Lorenz, their information Officer caused to be placed in the Los Angeles Times, allegations that the Plaintiff, David Thompson Boyd – Bey had been charged with Theft of Checks and Cashing Client Checks.

Whereas, the allegations, included the indication that the Plaintiff, Patricia Hale was an accomplice to the theft of checks, and was in possession of proceeds therefrom, stating "Patricia Hale had a number of bank receipts", wherein in fact Ms. Hale had one receipt from her personal account, which she has maintained with the same institution in excess of twenty years, for the single withdraw of the monies in her possession at the time of the subsequent unlawful arrest.

The statements contained in the articles as described by the Glendale Police Department were false in that David Boyd (Bey) had never been charged with the Theft of Check, nor Cashing of Checks, whereas Ms. Hale had a receipt for the funds in her possession. No evidence was present at the time of the arrest, nor after the fact, warranting such allegations.

The Defendant, Sgt. Tom Lorenz did not check the facts prior to providing the statements placed in the Los Angeles Times.

The statements contained in the article published by the Los Angeles Times are false.

Given the Defendant's news release, and the perceived authority giving the story, the Plaintiff's could never receive a fair trial in violation of the Sixth Amendment of the U.S. Constitution, which provides "the accused shall enjoy the

right to a speedy and public trial, **by an impartial jury** of the State and district wherein the crime shall have been committed.

The Defendant was negligent or acted recklessly in failing to determine whether the statements contained in the interview were true before providing the statements and before it was published.

By the act of providing false and damaging statements, the Defendant, Glendale Police Department intended to cause, both Plaintiff's respectively to suffer economic and emotional distress.

The Defendant, Sgt. Tom Lorenz caused the false statements to be published with reckless disregard of the probability that doing so would cause economic and emotional distress to the Plaintiff's.

The actions of the Defendants caused the Plaintiff's to suffer economic and emotional distress and they were injured thereby, as demonstrated below.

The economic suffered by the Plaintiff, David Thompson Boyd – Bey, based upon first and second quarterly profit and loss statement for the fiscal year 2012, compared to the same quarterly P & L's from 2013 indicate a loss of thirty percent of business gained from the Los Angeles based clientele, resulting in thirty percent of the entire annual business income.

The emotional distress suffered by the Plaintiff, David Thompson Boyd – Bey, was serious or severe.

In addition to having his named slandered and defamed in the publication, but the lead investigator contacted the Plaintiff's clients, not related to his investigation, further damaging the Plaintiff's character.

Whereas, the Plaintiff was denied the ability to mitigate any impression of impropriety, wherein when Mr. Boyd Bey was finally released on bail, the Glendale City Police Department, Det. Juan Giraldo had retained the Plaintiff's keys to his personal property, place of business and debt and credit cards for an additional

seven (7) days, in effect rendering the Plaintiff without the capacity to conduct personal and business matters.

The Plaintiff's business and residential keys were retained until September 10, 2012, therein depriving the Plaintiff of conducing business in excess of seven (7) business days, excluding weekends, whereas the Police never released the Plaintiff's cell phone, which contained business communications, text orders and numbers pertinent to the Plaintiff's business, thus rendering.

The matters complained of herein are in themselves an egregious affront to the covenants in law governing such agents and their agencies, as well an obvious offense to the sensibility of common decency, but an initial act of deprivation and disregard to rule of law.

The Detective's distain for his constitution oath, deprived the Plaintiff of Property and Loss of Business revenue by holding without probable cause the Plaintiff's clientele, business communications and access to his office, wherein he would normally conduct his business.

Whereas, Ms. Hale having never had an interaction with the Police, the deprivation of her civil rights and experiencing our justice system in such a personal and perverted manner.

Wherein, she was arrested and hold without bail for five (5) days; lied to about the facts of her alleged offense; deprived of due process; force stay in the same unwashed clothes for the entire time; forced to eat foods offensive to her religion; demeaned by employee's of the Glendale Police Department and subsequent released without any financial means to safely return to her place of inhabitance.

Ms. Hale and Mr. Bey were injured by the actions of the Defendants, as demonstrated below.

The actions of the Defendants were wanton, reckless and willful.

The Defendants provided the statement for publication with reckless

disregard as to whether the statements contained in the article were false or not.

As specified below, the actions of the Defendants have caused injury to the Plaintiff's.

David Thompson Boyd – Bey has lost business income and been forced to miss work.

As a direct and proximate result of the actions of the Defendants as detailed above, Ms. Hale has been forced to seek counseling.

Ms. Hale, a thirty year employee has had her duties modified, eliminating any handling of monies and her hours reduced, a direct result of the background check conducted by the Glendale Police and subsequent slanderous article

Ms. Hale has become afraid of leaving her home.

As the proximate result of the Defendant's slander of the Plaintiff's character and reputation were irrevocably damage as a result causing injury to the Plaintiff's income and business income respectively given the Plaintiff's have a right to the presumption of innocence under law.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all matters so triable as a matter of right.

## **RELIEF SOUGHT**

WHEREFORE, having set forth numerous legally sufficient causes of actions against the Defendants, Plaintiffs prays that:

    a. The Plaintiff's be award monetary damages against the Defendants, and each of them, jointly and severally, that Plaintiff incurred due to the need to bring this action for injunctive relief according to proof;

b. For compensatory and general damages according to proof;

c. For exemplary and punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct;

d. That attorneys fees be awarded as permitted by law;

e. For costs of suit incurred; and

f. For such other and further equitable relief, declaratory relief and legal damages as may be permitted by law and as the court may consider just and proper.

Respectfully submitted
March 17, 2014

Patricia Marie Hale
11012 Ventura Blvd  Suite 253
Studio City  CA  91604

_/s/ Patricia Hale_
In Pro Se

Respectfully submitted
March 17, 2014

David Thompson Boyd Bey
11012 Ventura Blvd Suite 253
Studio City  CA  91604

_____
In Pro Se

## CERTIFICATE OF SERVICE BY MAIL

I am over the age of Eighteen, not a party to this action and I am employed within the County of Los Angeles, State of California.

On March 17, 2014 following ordinary business practices, I placed for collection and mailing at the following address: 2605 Brighton Avenue Los Angeles California 90018, a copy of the attached: Second Amended Complaint, in a sealed envelope, with postage fully prepaid, and addressed to:

Michael Garcia, City Attorney
City of Glendale
613 East Broadway, Suite 220
Glendale, CA 91206

I am readily familiar with the practices of mailing for collection and processing of correspondence in the ordinary course of business. The correspondence would be deposited with the United States Postal Service on the day, as affirmed by signature and date below.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

March 17, 2014

Brent Davis